UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN M. SOLBERG,

        Petitioner,

  v.                                    Case No. 23-cv-1590-pp

C. HACHEY, J. KOZULLA
and B. EISCHEN,

        Respondents.

---

**ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION**

---

On November 27, 2023, the petitioner—who is representing himself and was incarcerated at the Federal Prison Camp in Duluth, MN (FPC Duluth) when he filed his petition—filed "a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. Above the titled of the petition, he wrote, "[EMERGENCY CONSIDERATION IS REQUESTED]." Id. at 1, 2. The petitioner spent several pages explaining that although his plea agreement had contained an appeal waiver, he believed that the waiver was unenforceable. Id. at 2-4. He then explained that on January 5, 2023, he'd been sentenced in the Eastern District of Wisconsin to serve thirty months in prison for one count of mail fraud. Dkt. No. 1 at 5; see also USA v. Solberg, 19-cr-213-WCG (E.D. Wis), Dkt. No. 76 (sentencing the petitioner to thirty months imprisonment and three years of supervised release). Since his sentencing date, the petitioner has filed multiple

1

direct appeals and *habeas* petitions, challenging his conviction and the resulting sentence.[1]

In the instant petition, the petitioner presented several arguments challenging the fact or duration of his confinement under 28 U.S.C. §2241. See Dkt. Nos. 1 at 2-3; 2 at 2-4; see also Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003) (noting that 28 U.S.C. §2241 is "usually reserved for attacking the execution, not imposition, of a sentence"). Principally, the petitioner argued that FPC Duluth was purposefully miscalculating and misapplying his First Step Act (FSA) credits in a manner that unlawfully extended his term of incarceration. Dkt. No. 1 at 5-20. The petitioner contended that "[i]f the correct computation and application of FSA credits were applied, via statutory guidelines, and the [Bureau of Prison's (BOP)] policy statements, then [the petitioner] would have less than 30 days remaining for incarceration"—with an expected release date of December 1, 2023. Dkt. Nos. 1 at 5; 1-1 at 1. The petitioner asked the court to require the BOP to apply the correct calculation system "in determining [his] eligibility for home confinement" and "properly credit [him] with all his jail time[.]" Dkt. No. 1 at 18-19.

Because of the court's heavy docket and the fact that it had several petitions awaiting screening that had been pending longer than the petitioner's, the court did not address the petition immediately. It did not receive the

---

[1] Since January 2023, the petitioner has filed in this district five direct appeals of his conviction and five petitions for writs of *habeas corpus* under 28 U.S.C. §2255. See Solberg, 19-cr-213 (showing the petitioner has filed five direct appeals); Solberg v. United States, 23-cv-570-WCG (§2255 petition filed May 4, 2023); Solberg v. Krueger, 23-cv-795-WCG (§2255 petition filed June 16, 2023); Solberg v. United States, 23-cv-925-WCG (E.D. Wis.) (§2255 petition filed July 10, 2023); Solberg v. United States, 23-cv-1482-WCG (E.D. Wis.) (§2255 petition filed November 7, 2023); Solberg v. United States, 24-cv-381-WCG (E.D. Wis.) (§2255 petition filed March 27, 2024).

petitioner's magistrate judge authority consent form until two weeks after it received his petition. Dkt. No. 5. That same day, the court received from the petitioner a letter asking about the status of his case. Dkt. No. 6. A month later, the petitioner filed a motion to "correct the docket. Dkt. No. 7. As best the court can tell, the petitioner sent to the clerk's office a document which he says that office erroneously filed in his criminal case (Case No. 19-cr-213), rather than filing it in this case. Id. at 1. (The document the petitioner references—Dkt. No. 222 in Case No. 19-cr-213—is titled "Motion to Reconsider 'Disqualify Judge' 28 USC §351 & §144 & §455 Pursuant Notice to Court Pursuant to Judge Griesbach's Statement Attached Herein.") He said that this document is relevant to his argument #4 in this case. Dkt. No. 7 at 1. Along with this motion, the petitioner filed a motion to extend the deadline for filing a §2255 petition. Id. at 2.

The court has not heard from the petitioner since it received these motions in January 2024. Between his January 2023 sentencing in Case No. 19-cr-213 and April 29, 2024, the petitioner filed thirty-two motions in his criminal case (including the one that he asserts should have been filed in this case instead). But he has filed nothing in that case since the end of April 2024. The BOP's locator website shows that the petitioner was released from BOP custody on August 2, 2024. https://www.bop.gov/inmateloc/. The petitioner has not notified this court of his release nor provided the court with an updated address. The docket for Case No. 19-cr-213 reveals that the petitioner has not notified Judge Griesbach of his release or provided Judge Griesbach with his updated address.

Because the instant petition effectively asked the court to order the BOP to properly calculate the petitioner's eligibility for home confinement, and

3

because the petitioner since has been released from incarceration, the petitioner may no longer need the relief he requested in the petition and may no longer intend to pursue the claims in the petition. If the petitioner does not wish to proceed with this petition, he needs do nothing; the court will dismiss the petition if the petitioner does not file an amended petition by the deadline stated below.

If the petitioner *does* want to proceed with the instant petition, the court will require him to file an amended petition using this court's form; the court will include a blank form with this order. See Civil Local Rule 9(a)(1) (E.D. Wis.) ("All persons applying or petitioning for release from custody under 28 U.S.C. §2241 . . . must file their application, petition, or motion with the Clerk of Court using forms available from the Court.").

The court **ORDERS** that if the petitioner wishes to proceed with this case, he must file an amended petition in time for the court to *receive it* by the end of the day on **December 6, 2024**. If the court does not receive an amended petition by the end of the day on December 6, 2024, the court will dismiss the case on the following business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 4th day of November, 2024.

                                        **BY THE COURT:**

                                        **HON. PAMELA PEPPER**
                                        **Chief United States District Judge**